IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Solomon Realty Company,          :

    Plaintiff,                :

  v.                               :   Case No. 2:08-cv-561

                                 :   JUDGE MARBLEY
Tim Donut U.S. Limited, Inc.,
et al.,                          :   MAGISTRATE JUDGE KEMP

    Defendants.               :

## ORDER

This case is before the Court for a ruling on the motion of defendants Leon Blalock and The Blalock Group, LLC, to file an answer *instanter*. The record reflects that these defendants were served with a summons and complaint on September 10, 2008, making their answer due on September 30, 2008, and that they moved for leave to file their answer on October 7, 2008, seven days after the deadline. That motion was renewed after its initial denial on procedural grounds. For the following reasons, the motion for leave to file their answer will be granted.

The facts relating to this motion are not in dispute. They are fully set forth in affidavits which accompany the motion and the reply memorandum and are easily summarized.

Two days after being served with the complaint, Leon Blalock, acting both for himself and for The Blalock Group, LLC, sent the complaint to his liability insurer, Maryland Casualty Group. That same day, Mr. Blalock spoke with a representative of the insurer and was told that it would provide a defense for him, despite the existence of some coverage issues. For various reasons, Maryland Casualty could not retain its usual attorneys, and the claims representative who spoke to Mr. Blalock requested

her manager to find another attorney. She also spoke with plaintiff's counsel about the case on September 16, 2008.

Seven days later, the claims representative, Ms. Bilbow, went on emergency disability leave and was out of the office for more than a month. On October 6, 2008, her supervisor realized that counsel had never been retained for Mr. Blalock. Mr. Blackburn, who now represents Mr. Blalock and his company, was retained that day and filed his motion for leave to answer the next day. Mr. Blackburn appeared at the initial pretrial conference and participated in the formation of a case schedule. Under that schedule, discovery is to be completed by September 1, 2009. Plaintiff has since filed an amended complaint.

Fed.R.Civ.P. 6(b) allows the Court to extend the time for filing an answer to the complaint, even if the motion for such an extension is filed after the response period has expired, so long as the failure to file a timely answer is the product of excusable neglect. As this Court explained in Tolliver v. Liberty Mutual Fire Ins. Co., 2008 WL 545018, *1 (S.D. Ohio February 25, 2008)(Marbley, J.),

> The meaning of the phrase "excusable neglect" was explored by the United States Supreme Court in Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993). There, the Court recognized that "excusable neglect" is a somewhat elastic concept. Under that concept, a court is "permitted, where appropriate, to accept late filings caused by inadvertence, mistakes, or carelessness" even when an adequate excuse is not tendered. Id. at 388. However, the Court must consider four factors in determining whether to grant an extension under the "excusable neglect" concept, including any prejudice which might inure to the opposing party or to the Court, the length of the delay involved, the reason advanced for the delay, and whether the dilatory party appears to have acted in good faith. See also Blandford v. Broome County Government, 193 F.R.D. 65 (N.D.N.Y. 2000); but see Robinson v. Wright, 460 F.Supp. 2d 178 (D.Me. 2006)(holding that such factors do not excuse a failure

timely to file a pleading if the only reason advanced
for the failure is an attorney's carelessness).

Applying these factors here, it is evident that the motion for leave to file should be granted. The defendants acted promptly in forwarding the complaint to their insurer and were assured that a defense would be provided. The insurer acted promptly after it received the complaint, determining that a defense would be tendered, communicating that fact to the insureds, speaking with plaintiff's counsel, and starting the process of locating an attorney. That process was somewhat delayed because Maryland Casualty could not use its regular attorneys for this matter. The unexpected departure of Ms. Bilbow from the office at a critical time during this process delayed retention of Mr. Blackburn until six days after the answer period expired. He acted as quickly as he could by filing his motion the next day. This seven-day delay caused absolutely no prejudice to the plaintiff, and Mr. Blackburn was a full participant in the initial pretrial conference. There is no evidence that the delay will affect either the case schedule or the plaintiff's ability to pursue its claims. Under these circumstances, the only sound exercise of the Court's discretion is to grant the motion.

For the foregoing reasons, the motion of defendants Leon Blalock and The Blalock Group, LLC, to file an answer *instanter* (#18) is granted. The Clerk shall detach and file the answer attached to the motion.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon

consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge
