IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Solomon Realty Company,          :

    Plaintiff,               :

  v.                             :    Case No. 2:08-cv-561

Tim Donut U.S. Limited, Inc.,    :    JUDGE MARBLEY
et al.,

    Defendants.              :

ORDER

This matter is currently before the Court on defendants' motions to stay discovery pending a ruling on the motion to dismiss and plaintiff's motion for an extension of time to respond to the motions to dismiss. These motions have been fully briefed. For the following reasons, the motions to stay will be denied and the motion for an extension of time will be granted.

I.

Turning first to the motion for an extension of time, Solomon contends that an extension is necessary to allow it the opportunity to review certain discovery responses prior to responding to the motions to dismiss. Specifically, Solomon asserts that it needs to review the franchise agreement between Tim Donut and LRW, any contract between Tim Donut and TDL relating to their rights and responsibilities concerning the allegations in this case, and any report of an investigation of claims of racial misconduct involving defendants Waldrop or LRW. Defendants oppose this motion on grounds that Solomon seeks an extension for the wholly improper purpose of gathering facts outside the pleadings to respond to the motions to dismiss. Consequently, defendants contend, Solomon has not demonstrated

good cause for the extension.

In reply, Solomon argues that the franchise agreement between Tim Donut and LRW is referred to in the second amended complaint and, therefore, can be considered in response to the motion to dismiss.  Solomon also asserts that an agreement between Tim Donut and TDL is necessary for its response to the motion to dismiss because defendants claim that TDL should be dismissed on grounds that it had no legal responsibility to Solomon.  According to Solomon, this agreement, if it exists, would demonstrate whether Tim Donut delegated or assigned the performance of some of its rights and responsibilities to TDL, such that some duty to Solomon may exist.  Solomon does not mention the investigation report in its reply other than in a letter to defense counsel attached as an exhibit.

With respect to defendants' position that a motion to dismiss generally must be decided on the basis of the pleadings alone, the Court agrees.  However, under certain circumstances a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings.  The document must be referred to in the complaint and be central to the plaintiff's claims. Greenberg v. Life Insurance Company of Va., 177 F.3d 507, 514 (6th Cir. 1999) (citing 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.30[4] (3d ed. 1998)); see Weiner, D.P.M. v. Klais and Company, Inc., 108 F.3d 86, 89 (6th Cir. 1997).  Here, the second amended complaint contains specific reference to the franchise agreement with LRW. See Second Amended Complaint at ¶11 (#64).  As a result, if, after receipt of the agreement, Solomon decides it is necessary to rely on it to support its response to the motion to dismiss, it may be that the Court would consider this document as part of the pleadings when ruling on that motion.  Given this scenario, the Court cannot conclude that Solomon has failed to set forth

any good cause for an extension.  Consequently, Solomon's motion for an extension of time will be granted.

II.

Turning to defendants' motions for a stay of discovery, such a stay for any reason is a matter ordinarily committed to the sound discretion of the trial court.  <u>Chrysler Corp. v. Fedders Corp.</u>. 643 F.2d 1229 (6th Cir. 1981).  In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.  Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery.  <u>Marrese v.American Academy of Orthopedic Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir. 1983).  When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery.  <u>Id</u>.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6).  As one court has observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.  Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood

of success on the motion to dismiss. This would
circumvent the procedures for resolution of such a
motion. Although it is conceivable that a stay might be
appropriate where the complaint was utterly frivolous,
or filed merely in order to conduct a "fishing
expedition" or for settlement value, cf. Blue Chip
Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95
S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not
such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal. 1990). See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery...."). Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.

Defendants make two arguments in support of their motion to stay. First, they contend, relying on Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) that this case represents the rare instance where discovery should be stayed while a motion to dismiss is pending. According to defendants, under the new pleading standards set forth in Twombly and Iqbal, Solomon has failed to set forth any legally sufficient claim. Further, according to defendants, Solomon has admittedly engaged in a fishing expedition as evidenced by its request for an extension of time in order to obtain the benefit of discovery before being required to respond to the motion to dismiss.

In response, Solomon asserts that defendants have not demonstrated any need for a stay and it will suffer a hardship if discovery is denied. According to Solomon, it has made very

4

basic discovery requests which should not be any burden to defendants. Solomon further contends that, at this point for purposes of responding to the motion to dismiss, it is seeking only the franchise agreement between Tim Donut and LRW, any investigation report relating to any racial misconduct by defendants Waldrop or LRW, and any agreement between TDL and Tim Donut "which establishes their rights and responsibilities in the event of a lawsuit." Plaintiff's Memorandum Contra, p. 6 (#79). In reply, defendants reiterate their arguments regarding the legal insufficiency of the complaint.

Despite the defendants' interpretation of new pleading standards in the wake of <u>Twombly</u> and <u>Iqbal</u>, the Court is not persuaded that this case presents any need for departure from the general rule that a pending motion to dismiss does not warrant a stay of discovery. Moreover, the Court does not view Solomon's very limited request for a maximum of three specific documents to assist it in responding to the motion to dismiss as evidence that it is engaged in nothing more than a fishing expedition. Consequently, the motion to stay discovery will be denied.

III.

Based on the foregoing, the motions to stay discovery (#76 and #77) are denied. Plaintiff's motion for an extension of time (#74) is granted. The defendants shall provide the following documents to the plaintiff within ten days: the franchise agreement between Tim Donut and LRW, any agreement between Tim Donut and TDL establishing their rights and responsibilities in the event of a lawsuit, and any investigation report relating to claims of racial misconduct involving defendants Waldrop or LRW. Plaintiff shall file its response to the motion to dismiss by August 28, 2009.

Any party may, within ten (10) days after this Order is

filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge